UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All cases identified in Schedule A | MASTER DOCKET<br><br>18-md-2865 (LAK) |

### STIPULATION AND [PROPOSED] ORDER
### LIMITING WAIVER PURSUANT TO RULE 502(d) OF THE
### FEDERAL RULES OF EVIDENCE

WHEREAS, the Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltiningen) ("SKAT") has filed certain claims against the Plans and individual defendants identified in Schedule A (collectively, the "Defendants");

WHEREAS, the Defendants intend to assert the defense of reliance on the advice of counsel (the "Defense"), among other defenses;

WHEREAS, Ezra Academy of Queens ("Ezra Academy" or the "Non-party"), a non-party to the above-captioned matter, was a party to a joint representation agreement executed on or about March 29, 2011, with, among others, Argre LLC and its four principals—Richard Markowitz, John van Merkensteijn, Matthew Stein, and Jerome Lhote (the "Joint Representation Agreement");

WHEREAS, in or about March 2011, the Non-Party began receiving legal advice about certain matters protected by the attorney-client privilege and/or the attorney work-product doctrine, pursuant to the Joint Representation Agreement;

WHEREAS, the Non-Party, through its counsel, recently has learned from counsel for Defendant John van Merkensteijn that two principals of Argre LLC, Defendants Richard Markowitz and John van Merkensteijn, have waived attorney-client privilege and work product

1

protections in connection with their assertion of their intention to rely on the advice of counsel defense (the "Defense"), in the above-captioned matter;

WHEREAS, the two remaining principals of Argre LLC, Matthew Stein and Jerome Lhote -- who are not parties to the above-captioned matter -- (the "Argre Non-Parties"), have asserted their intention not to waive attorney-client privilege or the attorney work product protection;

WHEREAS, in support of the Defense, Defendants have been required to produce relevant documents and communications with counsel that support the Defense ("Privileged Documents" and "Privileged Advice," respectively) in their possession to SKAT and testify as to the substance of the Privileged Advice (the "Disclosure");

WHEREAS, the Non-Party, through its counsel, was further advised that in connection with their discovery obligations and in support of the Defense, Defendants Richard Markowitz and John van Merkensteijn produced documents subject to the attorney-client privilege and work product protection jointly held by the parties to the Joint Representation Agreement, pursuant to the Stipulation and Order Limiting Waiver Pursuant to Rule 502(d) of the Federal Rules of Evidence (the "Rule 502(d) Order") (Dkt. No. 520);

WHEREAS, Ezra Academy, through counsel, recently has received and reviewed documents that have been produced in discovery in the above-captioned matter, subject to the Rule 502(d) Order;

WHEREAS, Ezra Academy maintains that Privileged Documents and Privileged Advice provided pursuant to the Joint Representation Agreement are protected by the attorney-client privilege and/or the attorney work product privilege (the "Privileges"), which Privileges continue to be jointly held by, among others, the Non-Party and the Argre Non-Parties;

WHEREAS, the Rule 502(d) Order addresses the Privileges of the Argre Non-Parties, but not of Ezra Academy;

WHEREAS, Ezra Academy has not consented to, and does not consent to, a waiver of the Privileges with respect to the Privileged Documents or Privileged Advice pursuant to the Joint Representation Agreement;

WHEREAS, Defendants have expressed their desire to make the Disclosure without prejudice to the rights of the Argre Non-Parties and now hereby affirm their desire to do so without prejudice to the rights of Ezra Academy;

WHEREAS, the Non-Party does not oppose the relief sought herein;

IT is therefore STIPULATED AND AGREED that, pursuant to Rule 502(d) of the Federal Rules of Evidence, the Disclosure shall not constitute or be deemed a waiver or subject matter waiver by the Non-Party of the Privileges, or of any other privilege, right, or protection against production or disclosure of the Privileged Documents or Advice or their contents, in this action or in any other proceeding.

IT is further STIPULATED AND AGREED that all documents produced as part of the Disclosure permitted by this Stipulation and Order, as well as any testimony referencing Privileged Advice offered as part of the Disclosure, shall be clearly identified via stamp affixed to every page of such document or testimony transcript that indicates the document or testimony transcript is covered by this Order and shall not be distributed in any way inconsistent with this Order.

IT is further STIPULATED AND AGREED that SKAT shall not disclose any document or testimony transcript designated in accordance with the preceding paragraph to anyone, including any third party, governmental agency, or other department of the Danish government for any reason without further order of this Court, other than to comply with a court order in a domestic

or foreign proceeding in which SKAT is a party with terms substantially equivalent to (i) the Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials ordered by the Court on November 6, 2020 ("Protective Order"); (ii) the Rule 502(d) Order; and (iii) the instant Stipulation and Order Limiting Waiver Pursuant to Rule 502(d) of the Federal Rules of Evidence (the "Second Rule 502(d) Order"). Any disclosure made pursuant to this paragraph shall include a copy of the (i) Protective Order; (ii) Rule 502(d) Order and the Second Rule 502(d) Order (collectively, the "Rule 502(d) Orders"); and (iii) any further order of this Court. Notwithstanding the Rule 502(d) Order or any Disclosure to date, nothing in the Second Rule 502(d) Order shall be construed to limit the use of any Privileged Document or Privileged Advice for purposes of this litigation, or for purposes of any litigation SKAT may commence in state or federal court against any other alleged participants in the Tax Refund Scheme, except that any Privileged Document or Privileged Advice pursuant to the Joint Representation Agreement may not be used in any litigation against Ezra Academy or in any other way that is inconsistent with the terms of this Second Rule 502(d) Order.

Dated: New York, New York
      August 3, 2021

By:   /s/ Alan E. Schoenfeld
     *(e-signed with consent)*
     Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
alan.sschoenfeld@wilmerhale.com

By:   /s/ Marc A. Weinstein
     *(e-signed with consent)*
     Marc A. Weinstein
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com

| | |
|---|---|
| *Counsel for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, and Routt Capital Pension Plan Trust* | *Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)* |

By:   /s/ Sharon L. McCarthy
      Sharon L. McCarthy
KOSTEL ANETZ & FINK LLP
7 World Trade Center
New York, NY 10007
Telephone: (202) 740-6999
smccarthy@kflaw.com

*Counsel for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Omineca Pension Plan, Omineca Trust, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Michelle Investments Pension Plan, Remece Investments Pension Plan, and Xiphias LLC Pension Plan*

| | |
|---|---|
| SO ORDERED:<br><br>  /s/ Lewis A. Kaplan  / PCM<br>Hon. Lewis A. Kaplan<br>United States District Judge | August 4, 2021 |

5

## SCHEDULE A

| Case Number | Plan | Defendant(s) Asserting Reliance Defense |
|---|---|---|
| 18-cv-04833 | Raubritter LLC Pension Plan | Richard Markowitz; John van Merkensteijn |
| 19-cv-01867 | Avanix Management LLC Roth 401(K) Plan | Richard Markowitz |
| 19-cv-01895 | Batavia Capital Pension Plan | Richard Markowitz |
| 19-cv-01904 | Calypso Investments Pension Plan | Jocelyn Markowitz |
| 19-cv-01869 | Cavus Systems LLC Roth 401(K) Plan | Richard Markowitz |
| 19-cv-01868 | Hadron Industries LLC Roth 401(K) Plan | Richard Markowitz |
| 19-cv-01898 | RJM Capital Pension Plan | Richard Markowitz |
| 19-cv-01896 | Routt Capital Pension Plan | Richard Markowitz |
| 19-cv-01906 | Michelle Investments Pension Plan | Richard Markowitz; John van Merkensteijn |
| 19-cv-01911 | Remece Investments LLC Pension Plan | Richard Markowitz; John van Merkensteijn |
| 19-cv-01924 | Xiphias LLC Pension Plan | Richard Markowitz; John van Merkensteijn |
| 19-cv-01893 | Azalea Pension Plan | Elizabeth van Merkensteijn |
| 19-cv-01866 | Basalt Ventures LLC Roth 401(K) Plan | John van Merkensteijn |
| 19-cv-01865 | Bernina Pension Plan | John van Merkensteijn |
| 19-cv-01894 | Omineca Pension Plan | John van Merkensteijn |

| Case Number | Plan | Defendant(s) Asserting Reliance Defense |
|---|---|---|
| 19-cv-01871 | Starfish Capital Management LLC Roth 401(K) Plan | John van Merkensteijn |
| 19-cv-01930 | Tarvos Pension Plan | John van Merkensteijn |
| 19-cv-01873 | Voojo Productions LLC Roth 401(K) Plan | John van Merkensteijn |
| 19-cv-01785 | Albedo Management LLC Roth 401(K) Plan | Richard Markowitz; Avanix Management LLC |
| 19-cv-01781 | Ballast Ventures LLC Roth 401(K) Plan | Richard Markowitz; Cavus Systems LLC |
| 19-cv-01791 | Fairlie Investments LLC Roth 401(K) Plan | Richard Markowitz; Hadron Industries LLC |
| 19-cv-01783 | Bareroot Capital Investments LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01794 | Battu Holdings LLC Roth 401K Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01798 | Cantata Industries LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01788 | Dicot Technologies LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01918 | Vanderlee Technologies Pension Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01922 | Cedar Hill Capital Investments LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01928 | Fulcrum Productions LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01926 | Green Scale Management LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |

| Case Number | Plan | Defendant(s) Asserting Reliance Defense |
|---|---|---|
| 19-cv-01929 | Keystone Technologies LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01931 | Tumba Systems LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01800 | Crucible Ventures LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01803 | Limelight Global Productions LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01809 | Plumrose Industries LLC Roth 401K Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01812 | Roadcraft Technologies LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01818 | True Wind Investments LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01870 | Eclouge Industry LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01792 | First Ascent Worldwide LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01806 | Loggerhead Services LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01808 | PAB Facilities Global LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01815 | Trailing Edge Productions LLC Roth 401(K) Plan | Richard Markowitz; Routt Capital Trust |
| 19-cv-01801 | Monomer Industries LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-01810 | Pinax Holdings LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |

| Case Number | Plan | Defendant(s) Asserting Reliance Defense |
|---|---|---|
| 19-cv-01813 | Sternway Logistics LLC Roth 401(K) Plan | John van Merkensteijn; Omineca Trust |
| 19-cv-10713 | 2321 Capital Pension Plan; Bowline Management Pension Plan; California Catalog Company Pension Plan; Clove Pension Plan; DFL Investments Pension Plan; Davin Investments Pension Plan; Delvian LLC Pension Plan; Laegeler Asset Management Pension Plan; Lion Advisory Inc. Pension Plan; Mill River Capital Management Pension Plan; Next Level Pension Plan; Rajan Investments LLC Pension Plan; Spirit on the Water Pension Plan; Traden Investments Pension Plan | Richard Markowitz; John van Merkensteijn; Bernina Pension Plan Trust; RJM Capital Pension Plan Trust |