**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION

This document relates to:
18-cv-07824; 18-cv-07827; 18-cv-07828;
18-cv-07829; 19-cv-01781; 19-cv-01783;
19-cv-01785; 19-cv-01788; 19-cv-01791;
19-cv-01792; 19-cv-01794; 19-cv-01798;
19-cv-01800; 19-cv-01801; 19-cv-01803;
19-cv-01806; 19-cv-01808; 19-cv-01809;
19-cv-01810; 19-cv-01812; 19-cv-01813;
19-cv-01815; 19-cv-01818; 19-cv-01866;
19-cv-01867; 19-cv-01868; 19-cv-01869;
19-cv-01870; 19-cv-01871; 19-cv-01873;
19-cv-01894; 19-cv-01896; 19-cv-01918;
19-cv-01922; 19-cv-01926; 19-cv-01928;
19-cv-01929; 19-cv-01931; 21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSE**
**TO DEFENDANT BEN-JACOB'S RULE 56.1 STATEMENT OF**
**MATERIAL FACTS & STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York,

plaintiff Skatteforvaltningen ("SKAT") responds to defendant Michael Ben-Jacob's Statement of

Material Facts as follows.

**I.      Relevant Parties and Definitions**

1.      Argre Management LLC ("Argre") is or was a limited liability company, which at

one point, had four members:  John van Merkensteijn, Richard Markowitz, Jerome

Lhote, and Matthew Stein ("Argre Principals").  R. Markowitz Tr. 24:7-21, Dewey

Decl. Ex. 1; SKAT Response to Request for Admission from Ben-Jacob No. 33,

Dewey Decl. Ex. 2.

**SKAT's Response:**  Undisputed.

2.    The Argre Principals pursued reclaims of withheld dividend taxes related to

dividends paid on Danish securities from 2012 to 2014 using the 30 pension plans

listed in Schedule A (the "Schedule A Plans") of the complaint in

*Skatteforvaltningen v. Ben-Jacob* (the "June 2021 Complaint").  No. 21-cv-05339,

ECF No. 1 (S.D.N.Y. June 16, 2021), Compl. Schedule A; R. Markowitz Dep. Ex.

2133, Dewey Decl. Ex. 3; J. van Merkensteijn Tr. 162:10-18, Dewey Decl. Ex. 4.

**SKAT's Response:**  Undisputed, except that SKAT disputes the characterization
of the reclaims as being for "withheld dividend taxes related to dividends paid on
Danish securities" to the extent it implies that the 30 Schedule A Plans in fact
received dividends paid on Danish securities from which tax was withheld.

3.    During the time relevant to SKAT's claims, Michael Ben-Jacob was a trust and

estates partner at Kaye Scholer LLP.  Among his clients were the Argre Principals,

and they engaged Kaye Scholer to provide legal advice on discrete issues of U.S.

law related to the trading strategy.  M. Ben-Jacob Tr. 13:25-14:25, 17:19-18:17,

Dewey Decl. Ex. 5.

**SKAT's Response:**  Disputed that the Argre Principals "engaged Kaye Scholer to
provide legal advice on discrete issues of U.S. law" only. (Declaration of Marc A.
Weinstein, dated May 31, 2024 ("Weinstein Decl."), Ex. 2 (R. Markowitz Tr.) at
378:5-385:23 (explaining various advice and services Kaye Scholer provided); *id.*
Ex. 3 (R. Klugman Tr.) at 302:9-22 (Kaye Scholer was involved in all aspects of
the scheme "from womb to tomb").)

4.    In 2014, the Argre Principals separated into two groups, each of which separately

continued to pursue reclaims of withheld dividend taxes related to dividends paid

on Danish securities.  R. Markowitz Tr. 346:14-24, 350:9-20, Dewey Decl. Ex. 1.

2

**SKAT's Response:**  Undisputed, except that SKAT disputes the characterization of the reclaims as being for "withheld dividend taxes related to dividends paid on Danish securities" to the extent it implies that any plan in fact received dividends paid on Danish securities from which tax was withheld.

5.     Mathew Stein and Jerome Lhote, along with others (the "Maple Point Principals"), formed Maple Point LLC, and used a set of pension plans (the "Maple Point Plans") to pursue reclaims of withheld dividend taxes related to dividends paid on Danish securities from 2014-2015.  J. van Merkensteijn Tr. 160:18-161:1, 183:18-184:2, Dewey Decl. Ex. 4; Maple Point Settlement, § 1(bb), Dewey Decl. Ex. 6.

**SKAT's Response:**  Undisputed, except that SKAT disputes the characterization of the reclaims as being for "withheld dividend taxes related to dividends paid on Danish securities" to the extent it implies that the Maple Point Plans in fact received dividends paid on Danish securities from which tax was withheld.

6.     John van Merkensteijn and Richard Markowitz, along with Robert Klugman, Joseph Herman, Robin Jones, Ronald Altbach, Perry Lerner, Edward Miller, and David Zelman, used a separate set of pension plans, the 39 plans listed in Schedule B of the June 2021 Complaint (the "Schedule B Plans"), to pursue reclaims of withheld dividend taxes related to dividends paid on Danish securities from 2014–2015.  *Ben-Jacob*, No. 21-cv-05339, ECF No. 1, Compl. Schedule B; J. van Merkensteijn Dep. Ex. 2189, Dewey Decl. Ex. 7; Dewey Decl. Ex. 8; R. Markowitz Tr. 398:12-23, Dewey Decl. Ex. 1; J. van Merkensteijn Tr. 162:10-163:3, 179:16-24, 181:12-24, Dewey Decl. Ex. 4.

**SKAT's Response:**  Undisputed, except that SKAT disputes the characterization of the reclaims as being for "withheld dividend taxes related to dividends paid on Danish securities" to the extent it implies that the 39 Schedule B Plans in fact received dividends paid on Danish securities from which tax was withheld.

## II.    The Tolling Agreement

7.    Beginning in June 2015, SKAT received reports of suspected fraud upon the Danish tax system involving dividend withholding tax reclaims. *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 18-md-02865, ECF No. 790 (S.D.N.Y. Apr. 22, 2022), Joint Rule 56.1 Statement of Undisputed Material Facts ("JSUMF") ¶ 65.

**SKAT's Response:**  Undisputed.

8.    By September 1, 2015, SKAT had begun an investigation concerning possibly fraudulent reclaims, including those submitted by some of the Schedule A Plans and Schedule B Plans. *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 18-md-02865, ECF No. 790, JSUMF ¶ 77.

**SKAT's Response:**  Undisputed.

9.    On April 13, 2018, SKAT, though its Danish counsel, entered into a tolling agreement (the "April 13, 2018 Tolling Agreement") with 118 pension plans and the plans' trustees, predecessor plans, successor plans, and partners (the "Covered Parties") with regard to any litigation related to "repayment of withheld dividend tax."  April 13, 2018 Tolling Agreement, 1, Dewey Decl. Ex. 9.

**SKAT's Response:**  Undisputed.

a.    The April 13, 2018 Tolling Agreement states that "[i]nsofar as SKAT is contemplating initiating litigation in connection with a scheme to obtain dividend tax refunds, SKAT and the Covered Parties find it mutually

4

desirable to enter into the following agreement." April 13, 2018 Tolling

Agreement, 2, Dewey Decl. Ex. 9.

**SKAT's Response:** Undisputed.

b.      The April 13, 2018 Tolling Agreement further states:

SKAT and the Covered Parties have agreed as of January 1, 2018 (the "Effective Date") that any statutes of limitations, statutes of repose or other time-related claim or defense that would expire or become applicable during that period of time from the Effective Date through the earlier of August 1, 2018, or thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party and such notice is received, pertaining to any claim or defense relating in any way to SKAT's potential claims (the "Claims"), shall be and are tolled and waived and that any such statutes or time-related claims or defenses that would have expired or become applicable during such period shall expire or become applicable only at the conclusion of sixty (60) days from the expiration of this agreement in accordance with its terms.

April 13, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 9.

**SKAT's Response:** Undisputed.

Dewey Decl. Ex. 9 at 2.

c.      The April 13, 2018 Tolling Agreement further states:

The Expiration Date of this agreement shall be the earlier of (A) August 1, 2018, (B) the filing of any legal proceeding against any Covered Party, but only with respect to the Covered Party or Parties named as a defendant in such proceeding, or (C) thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party, and such notice is received, unless renewed by a written instrument signed by authorized representatives of SKAT and the Covered Parties prior to that date and time. *On the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file any lawsuit relating to the Claims.*

April 13, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 9 (emphasis added).

**SKAT's Response:** Undisputed.

     d.     The April 13, 2018 Tolling Agreement further states that "[t]his agreement shall be construed in accordance with the laws of New York."  April 13, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 9.

          **SKAT's Response:**  Undisputed.

10.    Ben-Jacob was a Covered Party under the April 13, 2018 Tolling Agreement. Dewey Decl. Ex. 14.

          **SKAT's Response:**  Undisputed.

11.    SKAT and the remaining Covered Parties entered into subsequent Tolling Agreements extending the duration of the April 13, 2018 Tolling Agreement on July 11, 2018 (the "July 11, 2018 Tolling Agreement"), September 28, 2018 (the "September 28, 2018 Tolling Agreement"), and October 30, 2018 (the "October 30, 2018 Tolling Agreement").  July 11, 2018 Tolling Agreement, Dewey Decl. Ex. 10; September 28, 2018 Tolling Agreement, Dewey Decl. Ex. 11; October 30, 2018 Tolling Agreement, Dewey Decl. Ex. 12.

          **SKAT's Response:**  Undisputed, except that SKAT disputes that Ben-Jacob was not a Covered Party under the July 11, September 28, and October 30, 2018 Tolling Agreements.  (Dewey Decl. Ex. 14 (stipulating that "Michael Ben-Jacob is a Covered Party pursuant to the terms of these Tolling Agreements).)

     a.     Each of the three subsequent Tolling Agreements were substantively identical, save for the progressive extension of each Agreement's "Expiration Date."  July 11, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 10; September 28, 2018, 2, Tolling Agreement, Dewey Decl. Ex. 11; October 30, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 12.

          **SKAT's Response:**  Undisputed.

b.    The October 30, 2018 Tolling Agreement expired on December 31, 2018, meaning that SKAT had 60 days from that date—*i.e.*, March 1, 2019—to file "any lawsuit[s]" against any remaining Covered Parties related to a "scheme to obtain dividend tax refunds."   October 30, 2018 Tolling Agreement, 2, Dewey Decl. Ex. 12.

> **SKAT's Response:**    This purported statement of fact is a matter of contractual interpretation for the Court to decide and so should be disregarded.  *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015) (collecting cases), *aff'd in part sub nom. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83 (2d Cir. 2019).  To the extent a response is required, it is disputed because the October 30, 2018 Tolling Agreement provides that the 60-day deadline applies to only those of SKAT's claims for which "any . . .  statutes [of limitations] or time-related claims or defenses . . . would have expired or become applicable during [the tolling] period." (Dewey Decl. Ex. 12 at 1-2.)

## III.    SKAT's Claims Against Schedule B Plans and Michael Ben-Jacob in 2018

12.    In May and June 2018, SKAT sued five Schedule B Plans, along with individuals, not covered under the April 13, 2018 Tolling Agreement alleging that they had engaged in fraudulent dividend tax reclaims.  *See Skatteforvaltningen v. Aerovane Logistics LLC Roth 401K Plan et al.*, No. 18-cv-07828, ECF No. 1 (S.D.N.Y. May 4, 2018), Compl.; *Skatteforvaltningen v. The Random Holdings 401K Plan et al.*, No. 18-cv-07829, ECF No. 1 (S.D.N.Y. May 4, 2018), Compl.; *Skatteforvaltningen v. The Stor Cap. Consulting LLC 401K Plan et al.*, No. 18-cv-04434, ECF No. 1 (S.D.N.Y. May 18, 2018), Compl.; *Skatteforvaltningen v. Edgepoint Cap. LLC Roth 401K Plan et al.*, No. 18-cv-07827, ECF No. 1 (S.D.N.Y. May 24, 2018), Compl.; *Skatteforvaltningen v. Headsail Mfg. LLC Roth 401K Plan et al.*, No. 18-cv-07824, ECF No. 1 (S.D.N.Y. June 12, 2018), Compl.

**SKAT's Response:** Undisputed.

13.    One of these five complaints against the Schedule B Plans named Ben-Jacob as an
individual defendant.  Specifically, on May 18, 2018, SKAT filed the action
*Skatteforvaltningen v. The Stor Capital Consulting LLC 401K Plan et al.*, naming
Ben-Jacob as the sole individual defendant and bringing claims against him for,
among other causes of action, fraud and aiding and abetting fraud, due to his alleged
role in a "fraudulent tax refund scheme to deceive SKAT into paying out over 12.7
billion Danish Kroner ("DKK"), the equivalent of approximately $2.1 billion (US),
of allegedly withheld dividend tax."  No. 18-cv-04434, ECF No. 1, Compl. ¶¶ 2,
55-61.

**SKAT's Response:**  Disputed in that it mischaracterizes SKAT's allegations
against Ben-Jacob in the complaint.  SKAT brought claims against Ben-Jacob only
for his role in authorizing a non-party payment agent to submit The Stor Capital
Consulting LLC 401K Plan's fraudulent reclaims to SKAT, which role was
apparent from the face of the reclaims, and did not allege that he had any role in
any other entities' fraudulent reclaims.  No. 18-cv-04434, ECF No. 1, Compl. ¶ 40.

14.    The Expiration Date of the April 13, 2018 Tolling Agreement was the date of
SKAT's filing of the complaint in *Skatteforvaltningen v. The Stor Capital
Consulting LLC 401K Plan et al.* against Ben-Jacob—May 18, 2018.  *See supra* ¶¶
9(c), 13.

**SKAT's Response:**  Disputed because as a result of SKAT's filing the
complaint, the tolling agreement expired only with respect to Ben-Jacob,
not as to any of the other Covered Parties.  (Dewey Decl. Ex. 9 at 2.)

15.    Thus, under the April 13, 2018 Tolling Agreement, the deadline for SKAT to file
additional claims against Ben-Jacob concerning "a scheme to obtain dividend tax
refunds" was 60 days after May 18, 2018—*i.e.*, July 17, 2018. *See supra* ¶ 9(a), (c).

**SKAT's Response:**  This purported statement of fact is a matter of contractual
interpretation for the Court to decide and so should be disregarded.  *See
Congregation Rabbinical Coll. of Tartikov, Inc.*, 138 F. Supp. 3d at 394.  To the

extent a response is required, it is disputed for two reasons. First, because the April 13, 2018 Tolling Agreement provides that the 60-day deadline applies to only those of SKAT's claims for which "any . . . statutes [of limitations] or time-related claims or defenses . . . would have expired or become applicable during [the tolling] period." (Dewey Decl. Ex. 9 at 2.) And, second, because Ben-Jacob was a Covered Party under the July 11, September 28, and October 30, 2018 Tolling Agreements, further extending the limitations period for any of SKAT's claims against him that otherwise would have become time-barred. (Dewey Decl. Ex. 14.)

## IV.    SKAT's Subsequent Claims Against Ben-Jacob

16.    By March 2019, SKAT had sued 34 other Schedule B Plans, making substantially similar allegations as SKAT's prior lawsuits against Schedule B Plans and claiming that they had engaged in fraudulent dividend tax reclaims. SKAT sued Ben-Jacob alongside 28 of these Schedule B Plans, alleging that he assisted their allegedly fraudulent activity through his role as authorized representative for the plans and/or by signing powers of attorney authorizing reclaim agents to seek reclaims on behalf of the defendant plans.[1] *See* SKAT Response to Request for Admission from Ben-Jacob No. 1, Dewey Decl. Ex. 2.

---

[1] *Skatteforvaltningen v. Ballast Ventures LLC Roth 401K Plan et al.*, No. 19-cv-01781, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 35, 43-46; *Skatteforvaltningen v. Bareroot Cap. Invs. LLC Roth 401K Plan et al.*, No. 19-cv-01783, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 45-48; *Skatteforvaltningen v. Albedo Management LLC Roth 401K Plan et al.*, No. 19-cv-01785, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 35, 43-46; *Skatteforvaltningen v. Dicot Technologies LLC Roth 401K Plan et al.*, No. 19-cv-01788, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 45-48; *Skatteforvaltningen v. Fairlie Invs. LLC Roth 401K Plan et al.*, No. 19-cv-01791, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401K Plan et al.*, No. 19-cv-01792, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Battu Holdings LLC Roth 401K Plan et al.*, No. 19-cv-01794, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 35, 43-46; *Skatteforvaltningen v. Cantata Indus. LLC Roth 401K Plan et al.*, No. 19-cv-01798, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Crucible Ventures LLC Roth 401K Plan et al.*, No. 19-cv-01800, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Monomer Indus. LLC Roth 401K Plan et al.*, No. 19-cv-01801, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Limelight Global Prods. LLC Roth 401K Plan et al.*, No. 19-cv-01803, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Loggerhead Servs. LLC Roth 401K Plan et al.*, No. 19-cv-01806, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 43-46; *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan et al.*, No. 19-cv-01808, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Plumrose Indus. LLC Roth 401(K) Plan et al.*, No. 19-cv-01809, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 43-46; *Skatteforvaltningen v. Pinax Holdings LLC Roth 401(K) Plan et al.*, No. 19-cv-01810, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan et al.*, No. 19-cv-01812, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Sternway Logistics LLC Roth 401(K) Plan et al.*, No. 19-cv-01813, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Trailing Edge Prods. LLC Roth 401(K) Plan et al.*,

**SKAT's Response:** Undisputed.

17.     In April 2020, the complaints for the other 10 Schedule B Plans in which Ben-Jacob was not already sued, were also amended to, *inter alia*, add Ben-Jacob as a defendant. *E.g., Skatteforvaltningen v. Basalt Ventures LLC Roth 401(K) Plan et al.*, No. 19-cv-01866, ECF No. 55 (S.D.N.Y. Apr. 20, 2020), Am. Compl.

**SKAT's Response:** Undisputed.

18.     By May 2019, SKAT had sued at least 10 Schedule A Plans, alleging that they had sought and received fraudulent dividend tax reclaims.[2]

**SKAT's Response:** Undisputed.

19.     For all but one of these 10 Schedule A Plans, SKAT named as additional defendants one or a combination of:  John van Merkensteijn, Richard Markowitz, Elizabeth

---

No. 19-cv-01815, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. True Wind Invs. LLC Roth 401(K) Plan et al.*, No. 19-cv-01818, ECF No. 1 (S.D.N.Y. Feb. 26, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Cavus Sys. LLC Roth 401K Plan et al.*, No. 19-cv-01869, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl. ¶¶ 47-48; *Skatteforvaltningen v. Eclouge Indus. LLC Roth 401K Plan et al.*, No. 19-cv-01870, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Omineca Pension Plan, et al.*, No. 19-cv-01894, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 19, 43-46; *Skatteforvaltningen v. Vanderlee Technologies Pension Plan et al.*, No. 19-cv-01918, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 43-46; *Skatteforvaltningen v. Cedar Hill Cap. Invs. LLC Roth 401K Plan et al.*, No. 19-cv-01922, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Green Scale Mgmt. LLC Roth 401K Plan et al.*, No. 19-cv-01926, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 43-46; *Skatteforvaltningen v. Fulcrum Prods. LLC Roth 401K Plan et al.*, No. 19-cv-01928, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Keystone Technologies LLC Roth 401K Plan et al.*, No. 19-cv-01929, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl. ¶¶ 44-48; *Skatteforvaltningen v. Tumba Sys. LLC Roth 401(K) Plan et al.*, No. 19-cv-01931, ECF No. 1 (S.D.N.Y. Fe. 28, 2019), Compl. ¶¶ 44-48.

[2] *Skatteforvaltningen v. Bernina Pension Plan et al.*, No. 19-cv-01865, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl.; *Skatteforvaltningen v. Azalea  Pension Plan et al.*, No. 19-cv-01893, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Batavia Cap. Pension Plan et al.*, No. 19-cv-01895, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. RJM Cap. Pension Plan et al.*, No. 19-cv-01898, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Calypso Invs. Pension Plan et al.*, No. 19-cv-01904, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Michelle Invs. Pension Plan et al.*, No. 19-cv-01906 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Remece Invs. LLC Pension Plan et al.*, No. 19-cv-01911, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Tarvos Pension Plan et al.*, No. 19-cv-01930, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Xiphias LLC Pension Plan et al.*, No. 19-cv-01924, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Raubritter LLC Pension Plan et al.*, No. 18-cv-04833, ECF No. 1 (S.D.N.Y. May 31, 2018), Compl.

van Merkensteijn (John's wife), or Jocelyn Markowitz (Richard's wife).[3] *See supra* n.2.

**SKAT's Response:**  Undisputed.

20.    In November 2019, SKAT sued 14 additional Schedule A Plans alleging that those Plans had sought and received fraudulent dividend tax reclaims, and that John van Merkensteijn and Richard Markowitz formed partnerships with these 14 additional Schedule A Plans through one of each of their trusts and "helped structure the scheme" by which those plans sought the allegedly fraudulent reclaims. *Skatteforvaltningen v. John van Merkensteijn et al.*, No. 19-cv-10713, ECF No. 1 (S.D.N.Y. Nov. 19, 2019), Compl. ¶ 9.d.

**SKAT's Response:**  Undisputed.

21.    SKAT did not file suit against Ben-Jacob related to his alleged role with the 30 Schedule A Plans until June 16, 2021.  *Ben-Jacob*, No. 21-cv-05339, ECF No. 1, Compl.

**SKAT's Response:**  Undisputed.

22.    24 of the 30 Schedule A Plans identified in the June 2021 Complaint correspond to the Schedule A Plans described *supra* at Paragraphs 18-20.  *Ben-Jacob*, No. 21-cv-05339, ECF No. 1, Compl.

**SKAT's Response:**  Undisputed that the 24 Schedule A Plans SKAT sued in the actions listed in Paragraphs 18-20 are identified in Schedule A to the June 2021 Complaint.

---

[3] The one lawsuit in which SKAT did not originally sue any of these individuals was amended in April 2020 to add Richard Markowitz and John van Merkensteijn as defendants. *Raubritter*, No. 18-cv-04833, ECF No. 82 (S.D.N.Y. Apr. 27, 2020), Am. Compl.

**V.     SKAT's Knowledge Regarding the Schedule A Plans**

23.     By June 16, 2019, SKAT knew of the Schedule A Plans' allegedly fraudulent reclaim applications. *Supra* ¶ 18; SKAT Response to Request for Admission from Ben-Jacob No. 4, Dewey Decl. Ex. 2.

**SKAT's Response:**  Undisputed.

24.     On May 28, 2019, SKAT entered into a settlement agreement with the Maple Point Principals, among others (the "Maple Point Settlement").  Maple Point Settlement, 2 and §§ 1(i), 1(j) and Ex. 1B, Dewey Decl. Ex. 6; SKAT Response to Request for Admission from Ben-Jacob Nos. 31, 32, 37, Dewey Decl. Ex. 2.

**SKAT's Response:**  Undisputed.

a.     The Maple Point Settlement listed the parties subject to the release in Exhibits 1, 1(b), and 2 to the settlement agreement, including the Maple Point Principals.  Maple Point Settlement, § 1(i) and Exs. 1, 1(B), 2, Dewey Decl. Ex. 2.

**SKAT's Response:**  Undisputed.

b.     The Maple Point Settlement settled claims "arising out of, in connection with or relating to" the "applications filed with Skatteforvaltningen to reclaim taxes withheld from dividends paid on Danish company shares owned or allegedly owned by" by 80 pension plans—including 55 Maple Point Plans and 24 Schedule A Plans—associated pension plan partnerships, and individuals from 2012 to 2015.  Maple Point Settlement, §§ 1(z), 1(bb), 4(a); *see id.* §§ 1(i), 1(s), 1(x), and Exs. 1A, 1B, 2, Dewey Decl. Ex. 2; *see* Dewey Decl. Ex. 13; *Ben-Jacob*, No. 21-cv-05339, ECF No. 1, Compl, Schedule A.

**SKAT's Response:** Undisputed.

    c.    The Maple Point Settlement identified a list of parties excluded from release. Maple Point Settlement, § 4(a)(iii) and Ex. 3, Dewey Decl. Ex. 6.

> **SKAT's Response:**  Disputed in that the Maple Point Settlement Agreement identified a "[n]on-exhaustive," not a full list, of parties excluded from release. (Dewey Decl. Ex. 6 (Maple Point Settlement) Exs. 3 & 3B.)

25.    Ben-Jacob was excluded from the release in the Maple Point Settlement because SKAT knew he played some role in the Schedule A Plans' trading.

> **SKAT's Response:**  No response is required to this statement because it is not supported by a required citation to evidence in the record. *See* Local Rule 56.1(d). Thus, the Court should disregard the statement. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]here there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion."). To the extent a response is required, it is disputed.

    a.    Exhibit 3 to the Maple Point Settlement lists parties as excluded from release including, among others, Ben-Jacob. Maple Point Settlement, Ex. 3B, Dewey Decl. Ex. 6; SKAT Response to Request for Admission from Ben-Jacob No. 35, Dewey Decl. Ex. 2.

> **SKAT's Response:**  Disputed in that the Maple Point Settlement Agreement identified a "[n]on-exhaustive," not a full list, of parties excluded from release. (Dewey Decl. Ex. 6 (Maple Point Settlement) Exs. 3 & 3B.) Undisputed that Ben-Jacob was included in the "non-exhaustive" list of parties excluded from release.

    b.    There is no evidence, and SKAT has not alleged, that Ben-Jacob had any involvement with the Maple Point Plans' trading.

> **SKAT's Response:**  No response is required to this statement because it is not supported by a required citation to evidence in the record. *See* Local Rule 56.1(d). Thus, the Court should disregard the statement. *See Holtz*, 258 F.3d at 73.

26.     SKAT knew by June 16, 2019 that the Schedule A Plans had engaged in the same
trading strategy as the Schedule B Plans, as the allegations across each of SKAT's
complaints filed by March 2019 against Schedule A and Schedule B Plans are
virtually identical and there is overlap between individual defendants in those
complaints.  For example:

**SKAT's Response:**  No response is required to this statement because it is not
supported by a required citation to evidence in the record.  *See* Local Rule 56.1(d).
Thus, the Court should disregard the statement.  *See Holtz*, 258 F.3d at 73 (2d Cir.
2001).  To the extent a response is required, it is disputed.

a.     On February 27, 2019 SKAT sued Basalt Ventures LLC Roth 401(K)
Plan—a Schedule B Plan—and John van Merkensteijn, alleging that: the
"essence of the fraudulent scheme is that each of over 300 entities pretended
to own shares in Danish companies"; that "[t]he entities, acting through
their agents and representatives, applied to SKAT claiming repayments of
tax withheld on dividends"; that the claimants were assisted by claimants'
"Authorized Representatives," "non-party Payment Agents," and "non-
party Broker Custodians"; and that, in their applications, the claimants
submitted a cover letter printed on the Payment Agent's letterhead, the
Claim Form, a "credit advice" note describing the shareholding or security
and the amount of dividend tax withheld, a signed Power of Attorney by
which the claimant's Authorized Representative appointed a Payment
Agent to act on claimant's behalf, and a statement from the IRS.  *Basalt
Ventures,* No. 19-cv-01866, ECF No. 1, Compl. ¶¶ 3, 4, 9, 28.

**SKAT's Response:**     Disputed because it misinterprets the quoted
allegations in the complaint to mean SKAT alleged that all the "over 300
entities" engaged in the same trading strategy.  The quoted allegations rather

just describe the background for SKAT's claims against the named defendants in that action, *i.e.*, that "over 300 entities" had submitted fraudulent reclaims and that all the fraudulent reclaims were submitted in the same manner, which allegations SKAT made in each of its complaints filed in this multidistrict litigation, not just those concerning the Schedule A and Schedule B Plans. *See, e.g.*, *SKAT v. The Proper Pacific LLC 401K Plan*, 1:18-cv-04051-LAK, ECF No. 1, Compl. ¶¶ 3-4, 9, 28 (S.D.N.Y. May 4, 2018) (making the same allegations in a complaint against a non-Schedule A or Schedule B Plan).

b.    On the same date, SKAT sued Avanix Management LLC Roth 401(K) Plan—another Schedule B Plan—and Richard Markowitz, alleging that: the "essence of the fraudulent scheme is that each of over 300 entities pretended to own shares in Danish companies"; that "[t]he entities, acting through their agents and representatives, applied to SKAT claiming repayments of tax withheld on dividends," that the claimants of such repayments were assisted by claimants' "Authorized Representatives," "non-party Payment Agents," and "non-party Broker Custodians"; and that, in their applications, the claimants submitted a cover letter printed on the Payment Agent's letterhead, the Claim Form, a "credit advice" note describing the shareholding or security and the amount of dividend tax withheld, a signed Power of Attorney by which the claimant's Authorized Representative appointed a Payment Agent to act on claimant's behalf, and a statement from the IRS. *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan et al.,* No. 19-cv-01867, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl. ¶¶ 3, 4, 9, 28.

**<u>SKAT's Response:</u>**    Disputed because it misinterprets the quoted allegations in the complaint to mean SKAT alleged that all the "over 300 entities" engaged in the same trading strategy. The quoted allegations rather just describe the background for SKAT's claims against the named

defendants in that action, *i.e.*, that "over 300 entities" had submitted fraudulent reclaims and that all the fraudulent reclaims were submitted in the same manner, which allegations SKAT made in each of its complaints filed in this multidistrict litigation, not just those concerning the Schedule A and Schedule B Plans. *See, e.g.*, *SKAT v. The Proper Pacific LLC 401K Plan*, 1:18-cv-04051-LAK, ECF No. 1, Compl. ¶¶ 3-4, 9, 28 (S.D.N.Y. May 4, 2018) (making the same allegations in a complaint against a non-Schedule A or Schedule B Plan).

c.    On February 28, 2019, SKAT sued Michelle Investments Pension Plan—a

Schedule A Plan—John van Merkensteijn, and Richard Markowitz, alleging

that: "the essence of the fraudulent scheme is that each of over 300 entities

pretended to own shares in Danish companies"; that "[t]he entities, acting

through their agents and representatives, applied to SKAT claiming

repayments of tax withheld on dividends"; that the claimants of such

repayments were assisted by claimants' "Authorized Representatives,"

"non-party Payment Agents," and "non-party Broker Custodians"; and that,

in their applications, claimants submitted a cover letter printed on the

Payment Agent's letter head, the Claim Form, a "credit advice" note

describing the shareholder or security and the amount of dividend tax

withheld, a signed Power of Attorney by which the claimant's Authorized

Representative appointed a Payment Agent to act on claimant's behalf, and

a statement from the IRS. *Skatteforvaltningen v. Michelle Invs. Pension*

*Plan et al.*, No. 19-cv-01906, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.

¶¶ 3, 4, 9, 29.

**SKAT's Response:**    Disputed because it misinterprets the quoted allegations in the complaint to mean SKAT alleged that all the "over 300 entities" engaged in the same trading strategy. The quoted allegations rather just describe the background for SKAT's claims against the named defendants in that action, *i.e.*, that "over 300 entities" had submitted

fraudulent reclaims and that all the fraudulent reclaims were submitted in the same manner, which allegations SKAT made in each of its complaints filed in this multidistrict litigation, not just those concerning the Schedule A and Schedule B Plans. *See, e.g.*, *SKAT v. The Proper Pacific LLC 401K Plan*, 1:18-cv-04051-LAK, ECF No. 1, Compl. ¶¶ 3-4, 9, 28 (S.D.N.Y. May 4, 2018) (making the same allegations in a complaint against a non-Schedule A or Schedule B Plan).

27.     SKAT knew by June 16, 2019 that the four Argre Principals worked together to implement the trading strategy for all of the Schedule A Plans.

**SKAT's Response:**  No response is required to this statement because it is not supported by a required citation to evidence in the record.  *See Holtz*, 258 F.3d at 73 (2d Cir. 2001).  To the extent a response is required, it is disputed.

a.     By March 2019, SKAT believed that John van Merkensteijn, Richard Markowitz (two of the Argre Principals), or one of their wives participated in the allegedly fraudulent reclaim applications through at least nine Schedule A Plans.  *Supra* ¶ 19.

**SKAT'S Response:**  Disputed because it is unclear which fraudulent reclaim applications are meant to be included in the phrase "the allegedly fraudulent reclaim applications."  It is undisputed that by March 2019, SKAT had sued John van Merkensteijn, Richard Markowitz, or one of their wives in its actions against nine Schedule A Plans.

b.     In addition, by that same time, SKAT had sued either John van Merkensteijn or Richard Markowitz in connection with eight Schedule B Plans.[4]

**SKAT'S Response:**  Undisputed.

---

[4] *Basalt Ventures*, No. 19-cv-01866, ECF No. 1, Compl.; *Avanix Mgmt.*, No. 19-cv-01867, ECF No. 1, Compl.; *Skatteforvaltningen v. Hadron Indus. LLC Roth 401(K) Plan et al.*, No. 19-cv-01868, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl.; *Cavus Sys.*, No. 19- cv-01869, ECF No. 1, Compl.; *Skatteforvaltningen v. Starfish Capital.*, No. 19-cv-01871, ECF No. 3 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Voojo Prods. LLC Roth 401(K) Plan et al.*, No. 19-cv-01873, ECF No. 1 (S.D.N.Y. Feb. 27, 2019), Compl.; *Skatteforvaltningen v. Omineca Pension Plan et al.*, No. 19-cv-01894, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.; *Skatteforvaltningen v. Routt Cap. Pension Plan et al.*, No. 19-cv-01896, ECF No. 1 (S.D.N.Y. Feb. 28, 2019), Compl.

**VI.    SKAT's Knowledge Regarding Ben-Jacob and the Schedule A Plans**

28.    By March 2019, SKAT believed Ben-Jacob played a role in the Schedule B Plans'

allegedly fraudulent reclaim applications.

> **SKAT's Response:**  No response is required to this statement because it is not
> supported by a required citation to evidence in the record.  *See* Local Rule 56.1(d).
> Thus, the Court should disregard the statement.  *See Holtz*, 258 F.3d at 73.   To the
> extent a response is required, it is disputed that by March 2019 SKAT believed
> Ben-Jacob played a role in all the Schedule B Plans' fraudulent reclaim
> applications.

    a.    By March 2019, SKAT had filed suit against Ben-Jacob related to the

withholding tax reclaim applications of 29 Schedule B Plans and believed

Ben-Jacob played a role in those Plans' alleged fraud.  *Supra* ¶¶ 13, 16.

> **SKAT's Response:**  Undisputed.

    b.    By March 2019, SKAT knew 34 of the Schedule B Plans listed Ben-Jacob's

law offices' address as the plan's address on their reclaim applications.

*E.g., Ballast Ventures*, No. 19-cv- 01781, ECF No. 1, ¶¶ 45-46; *see id.* ¶ 46.

> **SKAT's Response:**  Undisputed.

29.    By March 2019, SKAT knew Ben-Jacob played a role in John van Merkensteijn's

and Richard Markowitz's Schedule B Plans' conduct that SKAT alleges was

fraudulent as, by that time, SKAT had filed complaints against at least seven

Schedule B Plans along with John van Merkensteijn and/or Richard Markowitz that

(i) also named Ben-Jacob as a defendant—*Cavus Systems* and *Omenica*— alleging

that he signed powers of attorney authorizing payment agents to seek reclaims from

SKAT on the Plans' behalf and/or (ii) alleged that the Plans used Ben-Jacob's law

office's address as the Plan's address on their reclaim applications.  *Cavus Systems*,

No. 19- cv-01869, ECF No. 1, Compl. ¶¶ 19, 47; *Avanix*, No. 19-cv-01867, ECF

No. 1, Compl. ¶ 17; *Basalt*, No. 19-cv-01866, ECF No. 1, Compl. ¶ 17; *Hadron Indus.*, No. 19-cv-01868, ECF No. 1, Compl. ¶ 17; *Voojo Prods.*, No. 19-cv-01873, ECF No. 1, Compl. ¶ 17; *Omineca*, No. 19-cv-01894, ECF No. 1, Compl. ¶¶ 19, 44; *Starfish Cap.*, No. 19-cv-01871, ECF No. 3, Compl. ¶ 17.

**<u>SKAT's Response:</u>** Disputed in that the cited complaints only establish that SKAT knew Ben-Jacob had authorized payment agents to submit certain Schedule B Plans' refund applications and that certain Schedule P Plans had used Ben-Jacob's law office's address as the Plan's address on their reclaim applications.

**PLAINTIFF SKATTEFORVALTNINGEN'S**
**<u>STATEMENT OF ADDITIONAL MATERIAL FACTS</u>**

1.      In June and July 2015, SKAT received information from two different sources indicating that Sanjay Shah, Solo Capital, and certain pension plans may have submitted fraudulent dividend withholding tax refund claims.  (Weinstein Decl. Ex. 5 (C. Ekstrand Tr.) at 197:5-25, 202:8-17, 221:12-222:16.)

2.      Following the reports of fraudulent dividend withholding tax refund claims, SKAT began investigating and, in August 2015, stopped paying all dividend withholding tax refund claims while it continued its investigation.  (*Id.* (C. Ekstrand Tr.) at 161:20-162:6.)

3.      In January 2021, defendants John van Merkensteijn and Richard Markowitz asserted an advice of counsel defense and waived their attorney-client privilege with respect to their communications with Michael Ben-Jacob and other attorneys.  (*See* Stipulation and Order Limiting Waiver Pursuant to Rule 502(d) of the Federal Rules of Evidence, ECF No. 521; Stipulation and Order Clarifying Limiting Waiver Pursuant to Rule 502(d) of the Federal Rules of Evidence, ECF No. 593.)

4.      In February and March 2021, defendants John van Merkensteijn and Richard Markowitz, began producing communications and documents, previously withheld as privileged,

that revealed Ben-Jacob's involvement in the Schedule A Plans' fraud that formed the basis for

SKAT's allegations in the June 2021 complaint.  For instance, on March 9, 2021, defendants

produced communications revealing Ben-Jacob's role in forming partnership agreements for the

Schedule A Plans.  (*See* Weinstein Decl. Ex. 6.)

Dated: New York, New York                     HUGHES HUBBARD & REED LLP
      May 31, 2024

                                  By: /s/ Marc A. Weinstein
                                     William R. Maguire
                                     Marc A. Weinstein
                                     Neil J. Oxford
                                     Dustin P. Smith
                                     Gregory C. Farrell
                                     One Battery Park Plaza
                                     New York, New York 10004-1482
                                     Telephone: (212) 837-6000
                                     Fax: (212) 422-4726
                                     bill.maguire@hugheshubbard.com
                                     marc.weinstein@hugheshubbard.com
                                     neil.oxford@hugheshubbard.com
                                     dustin.smith@hugheshubbard.com com
                                     gregory.farrell@hugheshubbard.com

                                     *Counsel for Plaintiff Skatteforvaltningen*
                                     *(Customs and Tax Administration of the*
                                     *Kingdom of Denmark)*