USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/1/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND                18-md-2865 (LAK)
LITIGATION

This paper applies to:        Trial One Cases[1]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

      Before the Court is plaintiff's motion *in limine* to exclude evidence of subsequent remedial measures pursuant to Federal Rule of Evidence 407 or, in the alternative, Rules 402 and 403.[2] For the reasons that follow, the motion is granted.

      Plaintiff, the Customs and Tax Administration of the Kingdom of Denmark ("SKAT"), alleges that defendants, including pension plans as well as their principals, agents and representatives, participated in a scheme to defraud it. Specifically, it alleges that defendants "falsely represented that the plans owned shares in Danish companies, that [Danish] taxes had been withheld on the dividends, and as tax-exempt entities, they were entitled to refunds."[3] In its

---

[1]  18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339.

[2]  Dkt 1130.

[3]  Dkt 1 (Complaint) at 1.

memorandum in support of this motion, plaintiff explains that "during the . . . period when defendants submitted to SKAT fraudulent dividend withholding tax refund claims, SKAT required refund applicants . . . to submit . . . among other things . . . a 'dividend credit advice' issued by the applicant's custodian evidencing ownership of shares and receipt of dividends, net of withholding tax."[4] In 2016, following its "discovery[] that certain refund applicants acted in cahoots with their custodial institutions to submit fraudulent dividend credit advices with their fraudulent claims, SKAT updated its guidelines for claiming refunds of dividend withholding tax."[5] The updated guidelines provided, for example, that a dividend credit advice submitted to substantiate a tax refund claim must "state[] that Danish dividend tax has been withheld."[6] It is evidence about these measures that plaintiff seeks to exclude at trial.[7]

Federal Rule of Evidence 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove," *inter alia*, "negligence [or] culpable conduct." "[T]he court may," however, "admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures."[8] The Advisory Committee explains that this rule primarily "rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."[9]

---

[4] Dkt 1133 (Pl. Mem.) at 2.

[5] *Id*.

[6] Dkt 1132-2 at 5.

[7] Dkt 1133 (Pl. Mem.) at 2.

[8] Fed. R. Evid. 407.

[9] Fed. R. Evid. 407 advisory committee's note on proposed rules.

3

Defendants advance three principal arguments in opposition to plaintiff's motion. None is persuasive.

I.   *Rule 407 Applies to Subsequent Remedial Measures Taken by Plaintiffs*

Defendants argue that Rule 407 does not bar evidence of SKAT's subsequent remedial measures because the rule applies "only [to] evidence of a *defendant's* negligence."[10] The Court disagrees.

Neither party identifies, nor could the Court find, binding precedent on this issue, and out-of-circuit precedent provides no clear answer.[11] Several cases contain language that appears to suggest that Rule 407 applies only to evidence of a defendant's subsequent remedial measures. But these cases concerned the admissibility of remedial measures taken by a non-party and did not consider whether Rule 407 would apply to measures taken by a plaintiff.[12] Thus, they are inapplicable here. The Court writes, more or less, on a blank slate. And it holds that Rule 407

---

[10] Dkt 1158 (Def. Mem.) at 2 (emphasis added).

[11] Plaintiff quotes one out-of-circuit district court case which, though it excluded evidence of a plaintiff's subsequent remedial measures under Rule 407, did not consider in any depth the specific issue contested here. *See IVC US, Inc. v. Linden Bulk Transportation SW, LLC*, No. 15-cv-0120, 2017 WL 5203055, at *8–9 (N.D. Ga. Apr. 4, 2017). Defendants, meanwhile, quote the Tenth Circuit's decision in *Rimkus v. Northwest Colorado Ski Corp.* 706 F.2d 1060 (10th Cir. 1983). *Rimkus* is inapposite, however, because it pertained to evidence that the defendant undertook subsequent remedial measures, *not the plaintiff*. *Id*. at 1066.

[12] *See Diehl v. Blaw-Knox*, 360 F.3d 426, 428 (3d Cir. 2004); *TLT-Babcock, Inc. v. Emerson Elec. Co.*, 33 F.3d 397, 400 (4th Cir. 1994); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 888 (9th Cir. 1991); *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 583 (5th Cir. 1985); *Farner v. Paccar, Inc.*, 562 F.2d 518, 528 & n.20 (8th Cir. 1977).

*Pau v. Yosemite Park & Curry Co* is representative. In it the Ninth Circuit held that evidence that the National Park Service installed warning signs following a fatal bike accident was admissible in an action against the concessionaire that rented the bike to the decedent. It explained that Rule 407's policy rationale did not apply in such a circumstance because "[a] nondefendant will not be inhibited from taking remedial measures if such actions are allowed into evidence against a defendant." *Pau*, 928 F.2d at 888.

applies to evidence of a plaintiff's subsequent remedial measures.

To begin with, the text of the rule is unqualified. It refers to "subsequent remedial measures" without regard for who undertook them.[13] And the Court of Appeals similarly has not distinguished between defendants and plaintiffs in discussing the rule.[14] There is no basis, therefore, on which to read into the rule the restriction proposed by defendants.[15] What is more, Rule 407's rationale — encouraging subsequent remedial measures — applies where, as here, plaintiffs would be disincented from taking corrective action lest doing so be used against them at trial as evidence of, for example, their contributory negligence.[16] In other words, admission of SKAT's revisions to the refund claim guidelines would punish it for taking corrective measures after it discovered potential deficiencies in its tax administration, a result at odds with Rule 407's primary purpose.[17]

---

[13] *See In re Air Crash Disaster*, 86 F.3d 498, 529 (6th Cir. 1996) ("By its terms, the Rule seems to exclude evidence of remedial measures regardless of who undertook them.").

[14] *See, e.g.*, *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2d Cir. 1981) ("Rule 407 is prompted by the fear that *people* will be less likely to take subsequent remedial measures if evidence of their repairs or improvements may be used against them in lawsuits arising out of prior accidents." (emphasis added)).

[15] *Cf. Werner v. Upjohn Co.*, 628 F.2d 848, 856 (4th Cir. 1980) (observing that, "[i]f th[e] policy [of Rule 407] is to be effectuated we should not be too quick to read new exceptions into the rule because by so doing there is a danger of subverting the policy underlying the rule").

[16] *See Cann*, 658 F.2d at 60 ("The rule excluding evidence of subsequent remedial repairs represents a common sense recognition that people are loath to take actions which increase the risk of losing a lawsuit.").

[17] That, as defendants say, "Rule 407 is typically invoked by defendants who want to exclude plaintiffs from introducing evidence of the *defendant's* subsequent remedial measures," is not particularly salient to — and certainly not dispositive of — whether the rule could apply to measures taken by a plaintiff. Dkt 1158 (Def. Mem.) at 3.

5

II.   *Defendants Do Not Propose To Use the Evidence in Question for a Permissible Purpose*

Defendants argue that the evidence would be admissible even if Rule 407 applied to plaintiffs as well as defendants because they seek to offer it for purposes permitted by the rule. They purport to identify five such purposes, which the Court considers in turn.

First, defendants contend that "the guideline revisions are relevant to showing that SKAT could have promulgated clearer requirements for the supporting evidence necessary to show beneficial ownership."[18] But Rule 407 states that such a purpose is permissible only if feasibility of the measure "is disputed."[19] Plaintiff emphatically does not dispute feasability.[20] In consequence, defendants' proposed purpose is not permissible under the rule's plain text. "'Feasibility' is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent repairs and remedies. To read it that casually will cause the exception to engulf the rule."[21]

Second, defendants contend that the evidence would be relevant to their own alleged good faith because, at the time they filed their tax refund claims, they "did not have the benefit of the revised 2016 Guidelines" and "SKAT's official guidance did not tell them otherwise."[22] This argument makes little sense. It is unclear how guidelines promulgated subsequent to defendants' allegedly fraudulent conduct could be relevant to their states of mind when engaging in that conduct. Plaintiff's motion does not, of course, seek to exclude evidence of the guidelines in effect at the time defendants filed their refund claims, evidence which conceivably could be relevant to their state of

---

[18] *Id*. at 4.

[19] Fed. R. Evid. 407.

[20] *See* Dkt 1133 (Pl. Mem.) at 1 ("SKAT does not dispute that it could have implemented the changes earlier"); *id*. at 5 (same).

[21] *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343, 345 (2d Cir. 1993).

[22] Dkt 1158 (Def. Mem.) at 4.

6

mind.

Third, defendants contend that the evidence would be relevant to their statute of limitations defense because it would tend to show that SKAT was "aware of issues with reclaim applications and its reclaim system when it decided to update its guidelines."[23] Although it is conceivable that the evidence would have some limited relevance to the statute of limitations defense, the Court declines to admit it for this purpose. Rule 407 permits *but does not require* the admission of remedial measures evidence for permissible purposes.[24] Doing so here would be inadvisable because the evidence at best would have only minimal relevance. This is because plaintiff already has conceded that it was aware as early as 2016 that it had been a victim of the type of fraud it alleges defendants perpetrated.[25] It appears poised to contest its knowledge that certain defendants — as opposed to other claimants — were involved. Its remedial measures shed no light on this disputed issue. In any case, any probative value that the evidence might have for this arguably permissible purpose would be substantially outweighed by the danger of unfair prejudice and confusing the jury.[26]

Fourth, defendants contend that the evidence would be relevant to the jury's consideration of "the parties' conduct and relative faults," including plaintiff's "failure to introduce stricter guidelines for its reclaim application system before 2016."[27] But this is just another way of

---

[23] *Id*.

[24] *See* Fed. R. Evid. 407 ("[T]he court may admit . . . .").

[25] Dkt 1021 (Pl. Mem.) at 5 (discussing SKAT's investigation of alleged fraud in 2015).

[26] *See* Fed. R. Evid. 403; Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence Manual § 7.04(4)[f] (2023) (remedial measures evidence not admissible for permissible purpose where "adequate other evidence [is] available to the proponent").

[27] Dkt 1158 (Def. Mem.) at 5.

saying that the evidence would be relevant to plaintiff's purported "negligence" and "culpable conduct" — both impermissible purposes under Rule 407.[28]

Fifth, defendants contend that the evidence "will be relevant for impeachment."[29] They fail, however, to identify what they seek to impeach. Should defendants identify evidence or argument to impeach with evidence of plaintiff's subsequent remedial measures, they may move for the admission of such evidence outside the presence of the jury.[30]

III.    *Plaintiff's Motion Is Not Vague or Overbroad*

Last, defendants submit that the "motion should be denied as vague and overbroad."[31] They complain that "[o]ther than the 2016 Guidelines, SKAT does not cite any other evidence that should be excluded under Rule 407. Nonetheless, SKAT broadly requests that the Court exclude 'evidence of SKAT's subsequent remedial measures from after defendants' fraud.'"[32]

This misrepresents plaintiff's position. Plaintiff clearly and repeatedly specifies the evidence it seeks to exclude, to wit, evidence that it "strengthen[ed] . . . its guidance for showing share ownership and dividend receipt and revamp[ed] . . . the refund application process that defendants exploited to commit their fraud."[33] This is neither vague nor overbroad. Defendants'

---

[28] Fed. R. Evid. 407.

[29] Dkt 1158 (Def. Mem.) at 5.

[30] Defendants argue also that "any post investigate reports" and associated materials should not be excluded under Rule 407. *Id*. Plaintiff's motion is not address to any such materials.

[31] *Id*. at 6.

[32] *Id*. (quoting Dkt 1133 (Pl. Mem.) at 7).

[33] Dkt 1133 (Pl. Mem.) at 5; *see, e.g.*, *id*. at 4. ("Evidence of SKAT's updated guidelines for documenting share ownership and dividend receipt.").

8

cherry-picked quotation of plaintiff's one-sentence conclusion — which clearly refers to evidence identified in detail elsewhere in the brief — does not alter this fact.

SO ORDERED.

Dated: October 1, 2024

_____
Lewis A. Kaplan
United States District Judge